IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES MORRISON,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN GRINSELL,<br><br>Defendant. | CV-24-34-BLG-DWM<br><br><br><br>ORDER |

Plaintiff James Morrison has filed his second brief in support of entry of default judgment. (Doc. 62.) Morrison has risked dismissal of his Amended Complaint for failure to comply with an order of the Court. However, pursuant to the analysis below, default judgment is entered.

Default was entered against Defendant John Grinsell in this matter on November 25, 2024. (Doc. 35.) Morrison was directed to file a detailed declaration with supporting documentation to show how he calculated his proposed damages, and a short brief applying the factors outlined in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), to his case. (Doc. 34 at 10.) After almost a year of extensions, Morrison filed his first brief. (Doc. 56.) The brief was inadequate, as explained in the Court's prior Order. (Doc. 61.) Morrison was directed to file a new, compliant brief, outlining his damages, and responding to the *Eitel* factors. He was advised that failure to do comply with the Order would result in dismissal.

1

(Doc. 61 at 2.) Morrison has now filed his second brief in support of his motion for entry of default judgment. (Doc. 62.)

Morrison begins his brief by asserting that the $100,000 he sought in damages from defaulted Defendant John Grinsell in his Amended Complaint is a "sum certain." (Doc. 62 at 1.) He then emphasizes that a pro se filing must be construed liberally. As with his last brief, Morrison then continues with a lengthy procedural history of this matter and an explanation and justification of his claims. (Doc. 62 at 1 -4.) This brief is supported by an affidavit that attests to the facts included in his brief regarding the allegations in his Amended Complaint. (Doc. 62-1 at 1 - 4.)

Once again, Morrison's brief is not responsive to the Court's two prior Orders. He has again made no showing of how he calculated his $100,000 in damages. Morrison was previously advised that a plaintiff seeking default judgment must present "an evidentiary basis for the damages sought." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contrs. Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). It is not enough to pick a number out of the air in the Complaint and claim that it is a "sum certain." (Doc. 62 at 1.) A complaint's factual allegations relating to the amount of damages are not taken as true on default. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

More troubling, Morrison has not mentioned or discussed the *Eitel* factors, which he has, seven times, been directed to discuss. (Docs. 34, 41, 48, 51, 53, 55, and 61.) Morrison has failed to follow the direction of the Court and failed to provide the information required to enter default judgment on his behalf. This matter is subject to dismissal for failure to comply with Orders of the Court. Fed. R. Civ. P. 41(b).

However, default has been entered, and Grinsell's failure to respond to this lawsuit cannot be overlooked. Thus, based on an assessment of the *Eitel* factors without Morrison's assistance, default judgment will be entered.

*Eitel* requires consideration of:

(1) the possibility of prejudice to the plaintiff if relief is denied;
(2) the substantive merits of the plaintiff's claims;
(3) the sufficiency of the claims raised in the complaint;
(4) the sum of money at stake in relationship to the defendant's behavior;
(5) the possibility of a dispute concerning material facts;
(6) whether default was due to excusable neglect; and
(7) the strong public policy favoring decisions on the merits.

*See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Morrison will be prejudiced if relief is denied, as he has no other way to vindicate his constitutional rights. The substantive merits of his Complaint, if true, are that he was arrested, jailed, and charged, based on personal animosity. (Doc. 62 at 2 – 4.) The fact that the charges were dropped bolsters his claim that they were unfounded. (Doc. 62-1 at 4.) There is always the possibility of a dispute concerning the material facts of

3

his claim, and both public policy and the Court would favor a decision on the merits, perhaps by jury. However, Grinsell has not appeared, and there is no suggestion or reason to believe his failure to do so was due to excusable neglect. If he had reason to believe he would prevail at trial on the facts, he had the opportunity to appear and defend himself. Accordingly, based on consideration of the *Eitel* factors, default judgment is entered to compensate Morrison for the alleged violation of his rights.

### CONCLUSION

Based on the foregoing, IT IS ORDERED that default judgment is entered in favor of Morrison and against Grinsell in the amount of $5,000. The Clerk is directed to close the case file.

DATED this 26th day of February, 2026.

Donald W. Molloy, District Judge
United States District Court